UNITED STATES DEPARTMENT OF JUSTICE   B-05-007

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

U.S. IMMIGRATION COURT

HARLINGEN, TEXAS

United States District Court
Southern District of Texas
FILED

JAN 12 2005

Michael N. Milby
Clerk of Court

IN THE MATTER OF

SUMAN, SATISH KUMAR
RESPONDENT

IN REMOVAL PROCEEDINGS
STAY OF REMOVAL.

MOTION TO REOPEN REMOVAL PROCEEDINGS AND EMERGENCY REQUEST FOR STAY OF DEPORTATION

Respondent, undersigned, respectfully moves to reopen my deportation proceedings pursuant to 8CFR. S 103.5 and 242.22. Respondent also request a reinstatement of Stay of Removal granted on the 28th Day of December 2004 by the Hon. Immigration Judge Margaret D. Burkhart

I was apparently placed into deportation proceedings on Oct 5,2004 so a result of an INS warrant. I was in the county jail in Corpus Christi Texas. I was not given as required by law a Notice To Appear until three months. When it was finally given, it did not contain a hearing date, time and place. This created a heavy burden and confusion.

Prior to initiating our discussion of the issues in this case, we

should be allowed to pursue further appeals to resolve conviction and allegations that have been set aside. Deporting alien when all appeals have not be clarified, ruled upon, or resolved is a blatant violation of the Constitution of the United States and a violation of International law and the Geneva Accords

### Overview

The fundamental fact in this case is that Respondent was not Deportable under INA § 237(a)(2)(A)(ii) (or its predecessors) at the time he was convicted because the crime to which an ~~aggravated felony~~ Respondent pled guilty was not defined as an aggravated felony. On August 28, 1995, to be considered an aggravated felony under INA § 101 (a)(43) the actual sentence imposed had to be at least five years. Respondent served only six months in the county jail and the woman involved had lied about her age and address which she admitted to prosecution.

Let us logically analyze these facts, John Satish is apparently considered a witness by the government in a case against Jimmy Garza of Asset Protection Security Service (APSS)

This Motion to Reopen is rather unusual. It has already been filed with the Board of Immigration Appeals in Falls Church VA

allegations lodged against Mr Satish Kumar as convictions. As the Court may be not be aware, such allegations do not exist. Therefore, the record pertaining to that allegation and conviction are irrelevant to the Court decision in this matter and should be stripped from the Court's file.

The Service carries the burden of proving by clear and convincing evidence, that Mr Satish is subject to removal from the United States. The Service has failed to do so in this case. In an effort to carry its burden, the Service alleges that Mr Satish's allegation and minor conviction warrants his removal from the United States.

This Court Cannot consider the extraneous, hearsay evidence introduced by the Service, including any underlying witness statements or police reports. Such document cannot be considered evidence of the conviction. For that we look at the judgment of the conviction.

ISSUE

Is Respondent now removable under INA 237 (a)(2)(A)(ii) based on an allegation and a conviction that is been challenged in the Federal courts and moreover where Respondent have not exhausted all remedies guaranteed under the Due Process Clause. In the Interest of Of justice and respect of the fourth and fifth amendment to respondent

Furthermore, all future correspondence and appeals had been sent to the opposing party, (hereinafter the "INS'). If the Service was going to oppose my Order of Stay by Immigration Judge Burkhart they should have notified me or given an appropriate and timely request.

They did not notify me either in writing or by Telephone. I am currently detained in Port Isabel.

Respondent, who is detained, respectfully requests that the Court reset an individual hearing.

Respondent further request that the Order of Stay by Judge Burkhart be reinstated so that respondent can pursue future appeals

Therefore, Respondent respectfully requests that the current hearing be continued and that a new hearing date be set in this matter and the Order of STAY be reinstated

Respectfully Submitted this 12th day of Jan, 2005

Satish K Suren

Respondent

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS - LAREDO DIVISION

SUMAN SATISH A 78 893 784        )
                                 )
Petitioner                       )
                                 )
    V.                           )
                                 )        File No  A 78 893 784
                                 )        _____
Aaron L. Cabrera, Officer In Charge  )
Port Isabel Detention Center     )
                                 )
    Respondent                   )


PETITIONER MOTION FOR EMERGENCY STAY OF DEPORTATION PENDING RESOLUTION OF PETITION FOR REVIEW, MEMORANDUM OF LAW IN SUPPORT OF STAY OF DEPORTATION, MOTION TO VACATE - WRIT OF HABEAS CORPUS - CRIMINAL CONVICTION (PRE AEDPA) AND RE-INSTATMENT OF ORDER OF STAY BY HON. IMMIGRATION JUDGE MARGARET D. BURKHART.


Petitioner, hereby moves the "Court" to restore an order Issue by Hon. Judge Burkhart on the 28th Day of December 2004. See Attached. Petitioner also moves the Court from preventing his physical deportation from the United States on the 14th day of January 2005 until such time as the Court has had time to Review the matter. This action is brought pursuant to 28 USC 1331, 2241, 5 USC et seq, USC 2201 et seq to protect petitioner rights under the Due Process Clause of the Fifth Amendment of the Constitution and applicable federal law and enjoin petitioner's detention and removal from the United States. Petitioner States as follows:

JURISDICTION AND VENUE

This action arises under the Constitution, the Immigration and Nationality Act of 1952

2. Venue lies in the United States District Court for the District of where Petitioner deportation [removal] proceedings have been held.

PARTIES

3. Petitioner is a native and citizen of India

4. Respondent is the officer In Charge of the INS center P.I.D.C where petitioner is being held. As such he is charged with the duty of administration and enforcement of all functions, powers and duties of the INS.

REMEDIES

5. I was ordered deported to India on oct 4, 2004.

6. On December 28th 2004 I was granted relief (STAY) pending further proceedings. The order states pending further proceedings, it did not specify date, period and time by which future proceedings MUST be met.

7. On January 10th 2005 around 7pm I was handed a different Order by a different Judge Hon. David Ayala VACATING THE STAY ORDER The Immigration and Naturalization Service never informed me of their intentions to oppose the stay order as required by Law, The INS did not send any type of notice either through mail or hand delivery. I have not even exhausted a single remedy. My appeal to the Board of Immigration Appeal has not even be ruled on. The

INS acted illegally and in bad faith. They clearly violated the laws and treaties of the United States. The Service further violated the Fifth Amendment of the United and the due Process Clause.

Petitioner has a substantial liberty at stake - his right to remain with his family not to be virtually exiled and/or subjected to persecution/extreme hardship. He has considerable equities under Immigration laws. A denial of a Stay of deportation and reinstating the order would allow the INS to deport petitioner on friday Jan 14, 2005.

Petitioner, seeks to raise before this Court legal issues of first impression. A reinstatement of Stay order is CRITICAL for the petitioner to obtain meaningful review of the issue.

FIRST CLAIM AND PRAYER FOR RELIEF

Wherefore, Petitioner prays that the Honorable Court grant the following relief;

1. Grant a reinstatment of the Order OF stay by Judge M. Burkhart
2. Issue an injunction enjoining respondent from deporting petitioner
3. Vacate the Order of deportation and remand the case to the Immigration Court for Consideration of relief
4. Immediate release from custody of the Immigration while the INS and petitioner pursue future appeals and motion.
5. Declare that the INS action violates the Equal Protection clause of the Fifth Amendment

6.- Grant any other and further relief That this Honorable Court deems just and proper

Respectfully Submitted

*[signature]*

Respondent

Verification

Pursuant to 28 USC: 2242, the undersigned certifies th under penalty of perjury that he has reviewed the foregoing petition and that the facts stated therein concerning Petitioner are true and correct

*[signature]*

Date    11th January 2005

JN 1-A 78-893-784

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
LOS FRESNOS, TEXAS

SUMAN, SATIS KUMAR
C/O PISPC, RT 3 BOX 341
LOS FRESNOS      TX 78566

IN THE MATTER OF            FILE A 78-893-784        DATE: Dec 28, 2004
SUMAN, SATIS KUMAR

__ UNABLE TO FORWARD - NO ADDRESS PROVIDED

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
MUST BE MAILED TO:    BOARD OF IMMIGRATION APPEALS
                      OFFICE OF THE CLERK
                      P.O. BOX 8530
                      FALLS CHURCH, VA  22041

__ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                      IMMIGRATION COURT
                      RT 3 BOX 341  BUENA VISTA DR
                      LOS FRESNOS, TX  78566 ;

OTHER: _____

_____

_____

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
HARLINGEN, TEXAS

IN THE MATTER OF:                    *
                                     *
SATISH SUMAN                         *     CASE NO. A78 893 784
                                     *
RESPONDENT                           *

ON BEHALF OF RESPONDENT:                   ON BEHALF OF THE DEPARTMENT:
Satish Suman                               Assistant Chief Counsel
PISPC                                      Department of Homeland Security
Port Isabel, Texas                         P.O. Box 1711
                                           Harlingen, Texas 78551

## ORDER

Pending before the Court is the Respondent's, Satish Suman, Request For A Stay (Stay). The Court has considered the pleadings and argument of Mr. Suman and, based on said matters, is of the opinion that good cause has been shown to grant Mr. Suman's request for a stay.

Wherefore, the following Order will be entered:

IT IS HEREBY ORDERED that Mr. Suman's deportation be and is hereby STAYED pending further proceedings in this matter.

Dated this the 28th day of December, 2004.

_____
MARGARET D. BURKHART
IMMIGRATION JUDGE

RE:   SUMAN, SATIS KUMAR

File:   A78-893-784

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:   MAIL (M)        PERSONAL SERVICE (P)
TO: [ ] ALIEN   [M] ALIEN c/o Custodial Officer   [ ] ALIEN's ATT/REP   [P] INS by fax
DATE:   12/28/04        BY:   COURT STAFF
   Attachments:   [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

CG

## UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### U.S. IMMIGRATION COURT
### HARLINGEN, TEXAS

IN THE MATTER OF

SUMAN, SATIS KUMAR
     Respondent.

IN REMOVAL PROCEEDINGS
STAY OF REMOVAL

A78 893 784

## ORDER

The ORDER issued December 28, 2004, staying the removal of the Respondent, is hereby VACATED.

On October 4, 2004, this Court issued a final Order of Removal ordering the removal of the Respondent to INDIA. The Order of Removal was issued pursuant to a stipulated request of the parties. On December 28, 2004, this Court received a request for a stay of removal, filed *pro se* by the Respondent. The request was granted pending further proceedings. No motion to reopen has followed the request for the stay nor any other pleading that would justify vacating the ORDER of October 4, 2004.

Dated this 10th day of January, 2005.


David Ayala
U.S. Immigration Judge

# PRAYER FOR RELIEF

(1) Please appint Counsel on my behalf should the Court

deam it to be necessary.

COURT OF APPEALS
RECEIVED
NOV 2 9 2004
NEW ORLEANS, LA

Thank You

Satish K

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing review, motion was served this 10th day of Jan , 2004 on the INS trial attorney at arlingen, Tx by first class U.S. mail, postage prepaid.

Salish K Sinai

AFFIDAVIT IN SUPPORT OF APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEE


IN THE MATTER OF:                          CASE NO. 78 - 893 - 784

S ATISH K SUMAN
_____
RESPONDENT/APPLICANT


IN DEPORTATION PROCEEDINGS




      I, SATISH, K. SUMAN          , being first duly sworn on
oath, do hereby state under the penalty of perjury, that the following
statements are true and correct to the best of my knowledge and beliefs:

      (1)  Because of my poverty, I cannot repay the fee for this application
           nor give security thereof;

      (2)  I honestly believe that I am entitled to the relief I seek.




                                    Satish K Suma
WITNESS _____     SIGNED